UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENDRIK BLOCK,<br><br>         Plaintiff,<br><br>    v.<br><br>GROCERY PLUS LLC, et al.,<br><br>         Defendants. | Case No.   1:23-cv-00201-EPG<br><br>ORDER (1) TO SHOW CAUSE WHY THE COURT SHOULD NOT DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S UNRUH ACT CLAIM; (2) SETTING DEADLINE TO FILE MOTION FOR DEFAULT JUDGMENT<br><br>ORDER TO ASSIGN DISTRICT JUDGE |

On February 9, 2023, Plaintiff Hendrik Block filed this case against Defendants Grocery Plus LLC and Tarlochan Singh. (ECF No. 1). He alleges that, while visiting a facility owned, operated, or leased by Defendants, he encountered barriers, including an excessively sloped entrance. (*Id.* at 3). He alleges claims under the American with Disabilities Act (ADA), California's Unruh Civil Rights Act, and California's Health and Safety Code. Neither Defendant has appeared in this action, leading Plaintiff to recently seek and obtain a clerk's entry of default against the Defendants. (ECF Nos. 8, 9, 10).

Based upon the Ninth Circuit's opinion in *Vo v. Choi*, the Court will order Plaintiff to show cause why the Court should not decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim. *Vo v. Choi*, 49 F.4th 1167 (9th Cir. 2022) (affirming a district court's decision to decline supplemental jurisdiction over an Unruh Act claim); *see* 28 U.S.C. § 1367(c). Further, the Court will set a deadline for Plaintiff to file a motion for default judgment. *See* Fed.

R. Civ. P. 55(b).

Congress adopted the ADA to address the discrimination encountered by persons with disabilities, providing a private cause of action to seek injunctive, but not monetary, relief. *See Arroyo v. Rosas*, 19 F.4th 1202, 1205 (9th Cir. 2021) (discussing background and relief available under the ADA). Similarly, the Unruh Act prohibits disability discrimination, containing a provision, Cal. Civ. Code § 51(f), stating that a violation of the ADA also violates the Unruh Act. Unlike the ADA, the Unruh Act allows a plaintiff to recover "up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars." Cal. Civ. Code § 52(a).

In response to perceived abuses of the Unruh Act, the California Legislature has enacted various procedural requirements. *Id.* For example a provision was added (1) regarding the contents of demand letters, Cal. Civ. Code § 55.31; (2) imposing heightened pleading requirements, Cal. Civ. Code § 425.50(a); and (3) requiring an additional filing fee of $1,000 for so called "high-frequency litigants," Cal. Gov't Code § 70616.5(b), *see* Cal. Civ. Code § 425.55(b) (defining a high-frequency litigant to include "[a] plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation."). All of these requirements[1] apply to claims alleging a construction-related accessibility violation, defined as involving "a provision, standard, or regulation under state or federal law requiring compliance with standards for making new construction and existing facilities accessible to persons with disabilities," including those related to the ADA. Cal. Civ. Code § 55.52(a)(1), (6); *see* Cal. Civ. Code § 55.3(a)(2). By enacting such restrictions, California has expressed a "desire to limit the financial burdens California's businesses may face from claims for statutory damages under the Unruh Act." *Arroyo*, 19 F.4th at 1209 (internal quotations omitted).

The Ninth Circuit has assumed, without deciding, "that these new requirements apply *only* in California state court." *Vo*, 49 F.4th at 1170. Thus, "Unruh Act plaintiffs have evaded these limits by filing in a federal forum in which [they] can claim these state law damages in a manner inconsistent with the state law's requirements." *Arroyo*, 19 F.4th at 1213 (internal quotation

---

[1] Cal. Civ. Code § 55.31(a); Cal. Civ. Code § 425.50(a), Cal. Gov't Code § 70616.5(a).

2

marks omitted). Consequently, "the procedural strictures that California put in place have been rendered largely toothless, because they can now be readily evaded." *Id.*

However, the evasion of California's procedural requirements has led numerous courts within the Ninth Circuit to decline supplemental jurisdiction over Unruh Act claims. *See Rutherford v. Nuway Ins. Agency Inc.*, No. SACV 21-0057-6CJC-JDE, 2021 WL 4572008, at *1 (C.D. Cal. Apr. 1, 2021) ("Numerous federal district courts across California have declined to exercise supplemental jurisdiction over Unruh Act and other state law claims brought alongside ADA claims, citing 28 U.S.C. §§ 1367(c)(2) & (c)(4)."). A court may decline supplemental jurisdiction, among other reasons, if "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4). Citing § 1367(c)(4) in the Unruh Act context, the Ninth Circuit has concluded that "the extraordinary situation created by the unique confluence of California rules . . . presents exceptional circumstances that authorize consideration, on a case-by-case basis, of whether the principles of economy, convenience, fairness, and comity [known as the *Gibbs* values] which underlie the pendent jurisdiction doctrine warrant declining supplemental jurisdiction." *Arroyo*, 19 F.4th at 1205 (citation and internal quotation marks omitted); *see United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Specifically, the "retention of supplemental jurisdiction over ADA-based Unruh Act claims threatens to substantially thwart California's carefully crafted reforms in this area and to deprive the state courts of their critical role in effectuating the policies underlying those reforms." *Arroyo*, 19 F.4th at 1213.

The Ninth Circuit provided substantial guidance on this issue in *Vo v. Choi* in affirming a district court's order denying supplemental jurisdiction under § 1367(c)(4) over an Unruh Act claim. *Vo*, 49 F.4th at 1168. In that case, the district court declined supplemental jurisdiction over the Unruh Act claim after giving the plaintiff the opportunity to respond and before addressing the merits of the case. *Id.* at 1168-69. In reviewing the district court's decision, the Ninth Circuit held that the district court sufficiently explained why the circumstances of the case were exceptional under § 1367(c)(4), agreeing with the district court that "it would not be 'fair' to defendants and 'an affront to the comity between federal and state courts' to allow plaintiffs to evade California's procedural requirements by bringing their claims in federal court." *Id.* at 1171.

3

The Court also affirmed the district court's finding that the balance of the *Gibbs* values—economy, convenience, fairness, and comity—provided compelling reasons to decline supplemental jurisdiction, stating that "the district court [properly] analyzed Vo's situation under the *Gibbs* values and determined that the values of fairness and comity favored not retaining jurisdiction over the claim." *Id.* at 1172. Accordingly, "[g]iven these very real concerns, in addition to the deferential standard of review, [the Ninth Circuit saw] no reason to hold that the district court abused its discretion in determining there were compelling reasons to decline jurisdiction over the Unruh Act claim." *Id.*

Here, Plaintiff brings an Unruh Act claim. And a review of Plaintiff's prior cases from within this District appears to show that he has filed ten or more complaints alleging a construction-related accessibility violation within the twelve-month period immediately preceding the filing of the current complaint.

Accordingly, IT IS ORDERED as follows:

1. By no later than April 14, 2023, Plaintiff shall file a response to this show cause order, explaining why the Court should not decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim.
2. Plaintiff is warned that a failure to respond to this order may result in a recommendation to dismiss his Unruh Act claim without prejudice.
3. With Plaintiff having obtained a clerk's entry of default against all Defendants, the initial scheduling conference set for May 18, 2023, and all related deadlines, are vacated.
4. Plaintiff is directed to file a motion for default judgment no later than (30) days after a ruling is issued regarding whether to exercise supplemental jurisdiction over his Unruh Act claim.
5. The Clerk of Court is respectfully directed to assign a District Judge to this case.

IT IS SO ORDERED.

Dated:   **March 31, 2023**          /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE

4